Filing # 64937107 E-Filed 12/04/2017 04:48:05 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH   JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Annette Padilla
  Plaintiff
            vs.
Nexus Services Inc.
Defendant

---

**II.    TYPE OF CASE**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more
    ☐ Homestead residential foreclosure $0 – 50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more
    ☐ Non-homestead residential foreclosure $0 - $50,000
    ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical
    ☐ Malpractice – other professional
☐ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☐ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation



EXHIBIT

A

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):

☒   Monetary;

☒   Non-monetary declaratory or injunctive relief;

☒   Punitive

IV.  **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

4

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**

☐  Yes

☒  No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒  No

☐  Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒  Yes

☐  No

___

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Michelle M Muskus        FL Bar No.: 1003077
   Attorney or party                                                    (Bar number, if attorney)

Michelle M Muskus   12/04/2017
   (Type or print name)                                               Date

Filing # 64937107 E-Filed 12/04/2017 04:48:05 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANNETTE PADILLA,

      Plaintiff,

vs.                                                            Case No.

NEXUS SERVICES INC.,
a Foreign Profit Corporation,

      Defendants.

_____/

## COMPLAINT

Plaintiff, ANNETTE PADILLA ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendants, NEXUS SERVICES INC., ("Defendant(s)"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement and unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, NEXUS SERVICES INC., is a Profit Corporation having a place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

1

5.   Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

6.   Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.   Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

9.   Plaintiff began working for Defendant on or about April 10, 2017 until present as case manager. Her primary duties were to assist new and existing clients in ensuring they are in compliance and serve as Libre by Nexus field ambassadors.

10.   At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11.   Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

12.   Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

13.   Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendants' failure to properly pay overtime wages.

## COUNT I
### *Breach of Agreement against NEXUS SERVICES INC.*

14.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

15.   Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

16.   Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit against NEXUS SERVICES INC.*

17.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

18.   Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

19.   Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

3

20.    Defendants accepted Plaintiff's services to Defendants.

21.    Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

22.    Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment against NEXUS SERVICES INC.*

23.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

24.    Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

25.    Defendants have knowledge of the services performed and provided by Plaintiff.

26.    Defendants voluntarily accepted the services performed and provided by Plaintiff.

27.    Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

28.    Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### *Wage & Hour Federal Statutory Violation against*
### *NEXUS SERVICES INC.*

4

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

30. This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

32. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

33. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

34. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

5

commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

35.    Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

36.    At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

37.    Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38.    Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.    Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;
    and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the
    circumstances.

<strong><u>JURY DEMAND</u></strong>

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 4, 2017

Respectfully submitted,

/s/ Michelle Muskus, Esq.
**Peter M. Hoogerwoerd, Esq.**
Florida Bar No.: 188239
pmh@rgpattorneys.com
**Nathaly Lewis, Esq.**
Florida Bar No. 118315
nl@rgpattorneys.com
**Michelle Muskus, Esq.**
Florida Bar No.: 1003077
mm@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

7

Filing # 64983076 E-Filed 12/05/2017 02:33:37 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANNETTE PADILLA,

       Plaintiff,

vs.                             Case No. 2017-027772-CA-01

NEXUS SERVICES INC.,
a Profit Corporation,

       Defendants.

_____/

**SUMMONS IN A CIVIL CASE**

**TO:** NEXUS SERVICES INC. through its Registered Agent:

                  INCORP SERVICES, INC.
                  17888 67TH COURTH NORTH
                  LOXAHATCHEE, FL, 33470

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                  PETER M. HOOGERWOERD, ESQ.
                  REMER & GEORGES-PIERRE, PLLC.
                  44 WEST FLAGLER STREET
                  SUITE 2200
                  MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


_____                  
CLERK                                 DATE


_____
(BY) DEPUTY CLERK

Filing # 64983076 E-Filed 12/05/2017 02:33:37 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANNETTE PADILLA,

    Plaintiff,

vs.                                               Case No. 2017-027772-CA-01

NEXUS SERVICES INC.,
a Profit Corporation,

    Defendants.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** NEXUS SERVICES INC. through its Registered Agent:

        INCORP SERVICES, INC.
        17888 67TH COURTH NORTH
        LOXAHATCHEE, FL, 33470

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

12/7/2017

CLERK                                             DATE

(BY) DEPUTY CLERK

Filing # 65511982 E-Filed 12/18/2017 12:11:28 PM

## RETURN OF SERVICE

State of Florida                County of Miami-Dade                Circuit Court

Case Number: 2017-027772-CA-01

Plaintiff:
ANNETTE PADILLA

vs.

Defendant:
NEXUS SERVICES INC.

For:
Peter Michael Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by Matthew Pryor on the 11th day of December, 2017 at 11:35 am to be served on NEXUS SERVICES INC THROUGH ITS REGISTERED AGENT, INCORP SERVICES, INC., 17888 67TH COURT NORTH, LOXAHATCHEE, FL 33470.

I, Matthew Pryor, do hereby affirm that on the 11th day of December, 2017 at 3:50 pm, I:

CORPORATE REGISTERED AGENT EMPLOYEE: served by delivering a true copy of the SUMMONS AND COMPLAINT with the date and hour of service endorsed thereon by me, to: CHRISTINA WILKOF who is an employee for the Registered Agent for NEXUS SERVICES INC at the address of 17888 67TH COURT NORTH, LOXAHATCHEE, FL 33470, and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081(3)(a) or other state statute as applicable after having first made an attempt during registered agent hours and the registered agent not being available.

Description of Person Served: Age: 47, Sex: F, Race/Skin Color: White, Height: 5'8", Weight: 160, Hair: Dark Brown, Glasses: N

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the county in which service was effected in accordance with State Statutes.

Matthew Pryor
Process Server 1640

OJF Services, Inc.
13727 S.W. 152nd Street
Suite 354
Miami, FL 33177
(954) 929-4215

Our Job Serial Number: OJF-2017015931
Ref: OJF#2017015931

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g

Filing # 64983076 E-Filed 12/05/2017 02:33:37 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANNETTE PADILLA,

    Plaintiff,

vs.                        Case No. 2017-027772-CA-01

NEXUS SERVICES INC.,
a Profit Corporation,

    Defendants.

DATE 12/11/17   TIME 3:50 PM

INITIALS:_____  ID #_____

Christina Wilcof
Employee

**SUMMONS IN A CIVIL CASE**

TO: NEXUS SERVICES INC. through its Registered Agent:

INCORP SERVICES, INC.
17888 67TH COURT NORTH
LOXAHATCHEE, FL, 33470

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within __20 days__ after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

12/7/2017

CLERK                 DATE

(BY) DEPUTY CLERK

(24362)    15931